# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY DURRELL KIRK, | CV F   06-0673 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JOHN MARSHALL, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Following jury trial in the Kern County Superior Court, Petitioner was found guilty of reckless discharge of a firearm (Cal. Penal Code § 246.3)[1], possession of a firearm by a felon (§ 12021(a)(1)), and assault with a firearm (§ 245(a)(2)).  The jury also found true an allegation that Petitioner personally used a firearm in the commission of his offenses (§ 12022.5(a)).  In a bifurcated proceeding, the jury found true allegations that Petitioner had suffered a prior felony conviction within the meaning of the three strikes law (§§ 667(c)-(j), 1170.12(a)-(e)).  Petitioner was sentenced to a determinate term of 18 years.  (Lodged Doc. No. 1.)

Petitioner filed a notice of appeal with the California Court of Appeal, Fifth Appellate District.  On February 3, 2004, that Court affirmed the conviction.  (Lodged Doc. No. 1.)

On March 9, 2004, Petitioner filed a petition for review in the California Supreme Court, which was denied on April 14, 2004.  (Lodged Doc. Nos. 2, 3.)

---

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court on December 9, 2004, which was denied on February 7, 2005. (Lodged Doc. Nos. 4, 5.)

On March 21, 2005, Petitioner filed a petition for writ of habeas corpus in the Fifth District Court of Appeal, which was denied on March 29, 2005. (Lodged Doc. Nos. 6, 7.)

On May 12, 2005, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on April 19, 2006. (Lodged Doc. Nos. 8, 9.)

The instant petition for writ of habeas corpus was filed on June 1, 2006.

Respondent filed an answer to the petition on March 8, 2007, and Petitioner filed a traverse on May 3, 2007. (Court Docs. 18, 22.)

## STATEMENT OF FACTS[2,3]

> The facts are of little relevance to the issues on appeal; therefore, we will recount them only briefly. [Petitioner] became involved in an altercation with another man outside of his apartment. Shortly thereafter, the man walked toward a parked van and [Petitioner] went into his apartment. [Petitioner] returned from his apartment with a gun, loaded it, and fired a number of shots in the direction of the man in the van.

## DISCUSSION

A.   Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Kern County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

---

[2] As the factual circumstances of the underlying commitment offenses are not relevant to the legal issues raised in the instant petition, the Court hereby adopts the factual summary as set forth in the state appellate court's opinion of February 3, 2004. (Lodged Doc. No. 1.)

[3] Petitioner objects to the statement of facts as summarized in the Court of Appeal's opinion, and sets forth a lengthy summary of the alleged facts in his traverse. (Traverse, at 2-9.) However, Petitioner provides no citation to the record or state court transcripts in support of his statement of facts and it is not incumbent upon this Court to comb through the entire record to verify these facts which are immaterial to the legal issues raised in the instant petition.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

3

criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

C.  Ineffective Assistance of Trial Counsel

Petitioner raises several instances in which he claims that counsel was ineffective. Specifically, Petitioner initially contends that trial counsel should have objected to an eyewitness's in-court identification of Petitioner as the perpetrator, and should have sought to demonstrate the unreliability of the identification through cross-examination. Second, Petitioner contends that trial counsel should have objected to a potential juror that acknowledged knowing one of Petitioner's potential codefendant's mother, as Petitioner's defense rested primarily on the claim that the potential codefendant was the actual shooter. Third, Petitioner contends that trial counsel failed to adequately impeach the victim's testimony. Fourth, Petitioner contends that trial counsel failed to keep a scheduled court date for a motion to exclude an eyewitness identification. Fifth, Petitioner contends in general and conclusory fashion that counsel was ineffective including: failing to form a meaningful relationship with him, failing to adequately investigate the case, failing to prepare witnesses, failing to file meaningful motions, failing to lodge appropriate objections or request continuances, and failing to adequately research.

Petitioner raised these issues to the California Supreme Court by way of petition for writ of habeas corpus, which was summarily denied. (Lodged Doc. Nos. 8, 9.)

The court looks to the last reasoned state court decision as to the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002) (citing Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991)). Where, as here, the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v.

1  Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

2      The law governing ineffective assistance of counsel claims is clearly established for the
3  purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe,
4  151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective
5  assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S.
6  668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First,
7  the petitioner must show that counsel's performance was deficient, requiring a showing that
8  counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by
9  the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's
10 representation fell below an objective standard of reasonableness, and must identify counsel's
11 alleged acts or omissions that were not the result of reasonable professional judgment
12 considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348
13 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges
14 a strong presumption that counsel's conduct falls within the wide range of reasonable
15 professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v.
16 Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

17     Second, the petitioner must show that counsel's errors were so egregious as to deprive
18 defendant of a fair trial. Strickland, 466 U.S. at 688. The court must also evaluate whether the
19 entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.;
20 Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).
21 More precisely, petitioner must show that (1) his attorney's performance was unreasonable under
22 prevailing professional norms, and, unless prejudice is presumed, that (2) there is a reasonable
23 probability that, but for counsel's unprofessional errors, the result would have been different.

24     A court need not determine whether counsel's performance was deficient before
25 examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.
26 Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since it is necessary to prove
27 prejudice, any deficiency that does not result in prejudice must necessarily fail.

28     Ineffective assistance of counsel claims are analyzed under the "unreasonable

5

application" prong of Williams v. Taylor, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (2000).

        1.       Failure To Object To Eyewitness Identification

As previously stated, Petitioner contends that counsel should have objected to an eyewitness's in-court identification of Petitioner as the perpetrator, and should have sought to demonstrate the unreliability of the identification through cross-examination.

Prior to trial, Petitioner sought to exclude an out-of-court identification by witness Norberto Munoz on the ground that it was unduly suggestive. (RT 12-13.) The trial court heard testimony by witness Munoz, and denied Petitioner's motion to exclude his testimony, and acknowledged that an in-court identification did not seem to be an issue as Munoz stated he could not positively identify Petitioner in court. (RT 67-68.)

At trial, Munoz positively identified Petitioner as the shooter in court. (RT 97.) On cross-examination, defense counsel questioned Munoz about his ability to identify Petitioner as the shooter. (RT 98-105.) Counsel specifically questioned Munoz regarding his lack of ability to identify Petitioner that very morning outside the presence of the jury, but was able to positively identify him later when the jury was present. (RT 98-99.) Through further cross-examination, counsel pointed out additional discrepancies in Munoz's identification.[4] (See RT 98-105, 106-109.)

To prevail on a claim of ineffective assistance based on counsel's failure to object at trial, the petitioner must show that the objection had merit. United States v. Aguon, 851 F.2d 1158, 1172 (9th Cir. 1988). Similarly, the failure to raise a motion is not ineffective assistance if the motion would have been futile. United States v. Quintera-Barraza, 78 F.3d 1344, 1349 (9th Cir. 1996).

As just stated, defense counsel sought to exclude Munoz's identification as suggestive, and although the trial court did not rule as to the admissibility of an in-court identification, it was

---

[4] In fact, on cross-examination defense counsel got Munoz to admit that the identification of Petitioner in court during trial could or could not be the person that he observed on the day in question. (RT 103-104.) Munoz further acknowledged that he could not observe the face of the person who had the gun. (RT 104.)

6

inconsequential. During trial, the prosecution presented the testimony of Munoz and established his out-of-court identification of Petitioner as the perpetrator. (See RT 92-97.) Petitioner contends counsel should have objected to the in-court identification; however, counsel reasonably waited until cross-examination to reveal the weaknesses of Munoz's sketchy memory. Defense counsel used Munoz's in-court identification to argue that Munoz's memory was very weak. As such, Petitioner has not shown that counsel was ineffective or that he was prejudice thereby, and his claim fails under Strickland.

        2.       Failure To Object To Juror

Petitioner contends that trial counsel should have objected to a potential juror who acknowledged knowing one of Petitioner's potential codefendant's mother as Petitioner's defense rested primarily on the claim that the potential codefendant was the actual shooter.

During trial, one of the jurors voluntarily advised the court that she knew Petitioner's potential codefendant, Breeding, and Breeding's mother. (RT 110.) She stated that she saw Breeding's mother at church on Sundays, and occasionally saw Breeding there as well. (Id.) However, she testified that she did not learn anything about the case from Breeding or his mother, and she never discussed personal issues with them. (Id.) The juror unequivocally testified that her knowledge of Breeding's mother would not affect her ability to be fair and impartial, and she would notify the court if anything regarding the case arose. (RT 110-111.)

As Respondent effectively argues, there was simply no basis upon which counsel could have objected to this juror, and such objection would have been futile. As such, counsel reasonably refrained from making a frivolous objection. Moreover, Petitioner has not, and likely cannot, demonstrate any resulting prejudice, as the juror unequivocally testified that she could and would remain fair and impartial irrespective of her acquaintance with Breeding's mother. Accordingly, Petitioner's claim fails under Strickland.

        3.       Failure To Impeach Victim's Testimony

Petitioner contends that trial counsel failed to adequately impeach the victim's testimony. Petitioner's claim is factually baseless. As Respondent submits, the victim did not testify at trial,

as it appears she could not be located at the time of trial.[5]  (RT 6.)  As such, there is simply no basis upon which counsel could have been ineffective.

### 4.      Failure To Keep Court Date For Motion

Petitioner contends that trial counsel failed to keep a scheduled court date for a motion to exclude an eyewitness identification.  Although it appears that counsel did mistakenly miss his initial court date for this motion (see CT 228), the motion was dropped without prejudice subject to renewal.  (CT 225.)  As stated herein, defense counsel effectively renewed the motion prior to trial, and Petitioner can demonstrate no resulting prejudice.

### 5.      Failure To Investigate, Et. Al.

Petitioner contends in general and conclusory fashion that counsel was ineffective including: failing to form a meaningful relationship with him, failing to adequately investigate the case, failing to prepare witnesses, failing to file meaningful motions, failing to lodge appropriate objections or request continuances, and failing to adequately research.  Petitioner's claims as stated are completely conclusory and unsupported by any evidence.  See Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970) (Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.); James v. Borg, 24 F.3d 20, 29 (9th Cir.1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) (holding that conclusory allegations made with no reference to the record or any document do not merit habeas relief).  Petitioner provides no citation or reference to the record in support of his claims, and the Court has found no basis in the record to support such claims.  As such, Petitioner has simply failed to carry his burden of demonstrating error, and any resulting prejudice, and his claim must be denied.

---

[5] In his traverse, it appears that Petitioner is contending that defense counsel should have called the victim as a witness in an attempt to impeach her.  (Traverse, at 14-15.)  However, this is a factually different claim than the claim raised in the instant petition that counsel was ineffective for failing to impeach this witnesses testimony as presented by the prosecution.  (Petition, at 3-C-D.)  This new and different claim is not properly raised in the traverse nor is the claim exhausted as it was not presented to the California Supreme Court.  See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994) ("A Traverse is not the proper pleading to raise additional grounds for relief"); 28 U.S.C. § 2254(b)(1) (petition for writ of habeas corpus shall not be granted unless the petitioner has "exhausted the remedies available in the courts of the State.").

The state courts' determination of Petitioner's ineffective assistance of counsel claims was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

D.      Admission of Illegally Seized Evidence

Petitioner contends that his conviction was based on evidence which was illegally obtained. More specifically, Petitioner contends that the consent to search his residence did not include a locked toolbox located at the residence.

Petitioner raised this issue to the California Supreme Court by way of petition for writ of habeas corpus.[6] (Lodged Doc. No. 8.) The California Supreme Court summarily denied the claim on the merits. (Lodged Doc. No. 9.) Accordingly, this Court will independently review the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d at 982.

A federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a "full and fair opportunity to litigate" the Fourth Amendment issue. Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052 (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993), *cert denied*, 511 U.S. 1057 (1994). The only inquiry this Court can make is whether petitioner had a fair opportunity to litigate his claim, not whether petitioner did litigate nor even whether the court correctly decided the claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir.

---

[6] In addition, Petitioner raised this claim on direct appeal, arguing that the trial court improperly denied his motion to suppress this evidence. (See Lodged Doc. No. 1.) The court denied the claim on the merits as follows:
> Here, . . ., it was reasonable for the officer to believe the consent extended to the locked toolbox. The officer explained to [Petitioner] that he was looking for a gun and [Petitioner] gave the officer consent to search his apartment with the proviso that the officer not "tear . . . up" the apartment. It was reasonable for the officer to believe that he might find a gun in the locked toolbox, as that was certainly a place a gun could be hidden. [Petitioner], unlike the defendant in *Cooney*, did not keep the key to the locked toolbox in his possession while in an area away from the apartment. Rather, the officer found the key to the toolbox in plain view in the toilet bowl. Noticing that the key might fit the lock on the toolbox, the officer used it to open the box without causing any damage, thus, not running afoul of [Petitioner's] only restriction to the search. That [Petitioner] may have hoped the officer would not find the key does not make the search unreasonable.

(Lodged Doc. No. 1, Opinion, at 20-21) (footnote and citation omitted.)

9

1  1996); see, also, Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990) (holding that because Cal.
2  Penal Code § 1538.5 provides opportunity to challenge evidence, dismissal under Stone was
3  necessary).
4      The policy behind the Stone Court's analysis is that the exclusionary rule is applied to
5  stop future unconstitutional conduct of law enforcement. Stone, 428 U.S. at 492. However,
6  excluding evidence that is not untrustworthy creates a windfall to the defendant at a substantial
7  societal cost. See Stone, 428 U.S. at 489-90; Woolery, 8 F.3d at 1327-28. Thus, the Ninth
8  Circuit has described the rationale for this rule by saying:

> The holding is grounded in the Court's conclusion that in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

13  Woolery, 8 F.3d at 1326; see also Stone, 428 U.S. at 493-494.
14      In this case, Petitioner's Fourth Amendment claim was litigated through a suppression
15  hearing in the trial court. More specifically, Petitioner filed a motion to suppress with points and
16  authorities, supplemental authorities in response to the People's opposition to the motion to
17  suppress, and additional evidence and declarations from inmates regarding other searches and
18  seizures at the prison where Petitioner was housed. (CT 117-122, 210-219, 241-297.) The trial
19  court held a hearing on the motion, which entailed testimony of witnesses, including Petitioner,
20  and argument by both sides at the close of the evidence. (Id.)
21      Accordingly, Petitioner had more than a fair opportunity to litigate his claim under
22  section 1538.5, and Stone v. Powell bars re-litigating the claim here. The state courts'
23  determination of this issue was not contrary to, or an unreasonable application of, clearly
24  established Supreme Court precedent.
25  E.   Ineffective Assistance of Appellate Counsel
26      Petitioner contends that appellate counsel was ineffective for failing to raise certain issues
27  on direct appeal. Specifically, Petitioner contends appellate counsel should have argued that
28  Petitioner's trial counsel was ineffective for failing to object to a potential juror that knew the

mother of Petitioner's codefendant. Petitioner also contends that appellate counsel should have argued that trial counsel was ineffective for failing to properly calendar a motion to suppress.

Petitioner raised these issues in the California Supreme Court by way petition for writ of habeas corpus, which was summarily denied. (Lodged Doc. Nos. 8, 9.) As such, this Court will independently review the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d at 982.

Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to Strickland's two-pronged test. Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986); See also Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 353-54 (1988) (holding that where a defendant has been actually or constructively denied the assistance of appellate counsel altogether, the Strickland standard does not apply and prejudice is presumed; the implication is that Strickland does apply where counsel is present but ineffective).

To prevail, Petitioner must show two things. First, he must establish that appellate counsel's deficient performance fell below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064 (1984). Second, Petitioner must establish that he suffered prejudice in that there was a reasonable probability that, but for counsel's unprofessional errors, she would have prevailed on appeal. Id. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id. The relevant inquiry is not what counsel could have done; rather, it is whether the choices made by counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir.1998). The presumption of reasonableness is even stronger for appellate counsel because he has wider discretion than trial counsel in weeding out weaker issues; doing so is widely recognized as one of the hallmarks of effective appellate assistance. Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989). Appealing every arguable issue would do disservice to the Petitioner because it would draw an appellate judge's attention away from stronger issues and reduce appellate counsel's credibility before the appellate court. Id. Appellate counsel has no

constitutional duty to raise every nonfrivolous issue requested by petitioner. Id at 1434 n.10 (*citing* Jones v. Barnes, 463 U.S. 745, 751-54, 103 S.Ct. 3308 (1983)).

For the reasons explained *supra* under section C, because Petitioner's trial counsel was not ineffective for failing to object to the juror, or for missing the court date, appellate counsel could not have been ineffective for failing to raise these arguments, and Petitioner has suffered no resulting prejudice. In addition, as Respondent correctly points out, by virtue of the state court's denial of these same claims on the merits on habeas review, there is simply no rational reason to believe the claims would have fared any better if raised on direct state appeal. As such, the state court correctly denied these claims on collateral review, and the decision was not contrary to or an unreasonable application of Strickland.

                              RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    The petition for writ of habeas corpus be DENIED; and,

2.    The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 15, 2008**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE